IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEIDRA AMOS                                                                                    PLAINTIFF

VS.                                                            CIVIL ACTION NO: 3:18-cv-209-DPJ-FKB

MARTEN TRANSPORT, LTD
AND JOHN DOES 1-5                                                                          DEFENDANT

### FIRST AMENDED COMPLAINT
### *(TRIAL BY JURY REQUESTED)*

COMES NOW, Plaintiff in the above cause, by and through her attorneys of record, and files this First Amended Complaint, complaining of the above named Defendants, Marten Transport, LTD, and John Does 1-10 and in support thereof would most respectfully show unto this Honorable Court the following facts, to-wit:

1.   (a)   Plaintiff Deidra Amos is an adult resident citizen of Hinds County, Mississippi residing at 1915 Hamilton Blvd., Jackson, MS 39213.

(b)   Defendant, Marten Transport, LTD, is a foreign limited liability corporation organized and existing by the laws of the State of Delaware. Defendant Marten Transport may be served with process of this court by service on its agent for service of process: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

(c)   John Does 1-5 inclusive, the true name or capacity of which, whether individual, corporate, associate or otherwise are unknown to plaintiffs at this time. Plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the John Does defendants are responsible in some manner for the events and happenings hereinafter referred to which proximately caused plaintiff to sustain injuries and damages. Plaintiff will amend and insert the exact name and identity of each of the

1

defendant John Does when ascertained.

2.   This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §1332 in that there is complete diversity between the parties and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

3.   Venue is appropriate in the United States District Court; Southern District of Mississippi, Northern Division since Madison County because the events giving rise to Plaintiffs' claims occurred in the Northern Division.

## FACTS

5.   On or about December 18, 2017, at approximately 6:30 p.m., Plaintiff, Deidre Amos was operating her automobile traveling northbound on I-55 near the Natchez Trace exit when her vehicle was sideswiped by an 18 wheeler.

6.   On or about December 18, 2017, at approximately 6:30 p.m., Defendant's Driver was operating an 18 wheeler owned by Marten Transport, LTD, traveling north on I-55 near the Natchez Trace exit.

7.   On or about December 18, 2017, at approximately 6:30 p.m., Defendant's Driver while traveling north on I-55 near the Natchez Trace exit, when aforementioned 18 wheeler sideswiped Plaintiff's vehicle on the driver's side. At said time and place, Defendant's Driver caused the 18 wheeler he or she was operating to collide with the driver's side of the vehicle occupied by the Plaintiff.

8.   Defendant's Driver did not stop his/her vehicle at the scene of the subject accident, as Plaintiff was attempting to wave down the 18-wheeler to stop after it collided with her vehicle.

9.   The subject collision caused severe and permanent injuries to person of the

Plaintiff. As a result, she sought medical treatment.

## COUNT I

### GROSS NEGLIGENCE, ETC.
### MARTEN TRANSPORT, LTD

11. On or about December 18, 2017, at approximately 6:30 p.m., Defendant's Driver was operating an 18 wheeler owned by Marten Transport, LTD, traveling north on I-55 at the Natchez Trace exit when he/she intentionally, willfully, unlawfully, wantonly, recklessly, grossly negligently and/or negligently allowed the vehicle driven by him or her to collide with the vehicle in which plaintiff was occupying.

12. At the above mentioned time and place, Defendant's Driver was the agent, servant, representative, and/or employee of Defendant Marten Transport, LTD, and was acting in the furtherance of the business of said defendant and within the scope of his/her employment and/or agency. As a result, Defendant Marten Transport, LTD is liable for the intentional, willful, unlawful, wanton, reckless, grossly negligent, and/or negligent acts of Defendant's Driver.

13. Said intentional, willful, unlawful, wanton, reckless, grossly negligent, and/or negligent acts of Defendant's Driver, for which Defendant Marten Transport, LTD is liable, was a proximate cause of the above described December 18, 2017 collision and the resulting injuries sustained by the Plaintiff, and resulting losses and damages as described hereinafter.

## COUNT II

### GROSS NEGLIGENCE, ETC.
### MARTEN TRANSPORT, LTD

14. Plaintiff realleges and incorporates by reference the paragraphs of Count I above, as if set forth in full hereinafter.

15. Defendant Marten Transport, LTD before and at the time of the collision herein, were guilty of intentional, willful, unlawful, wanton, reckless, grossly negligent, and/or negligent acts and/or missions which include but are not necessarily limited to the following:

    a.    Hiring and retaining defendant Driver Doe;

    b.    Failing to properly train defendant Driver Doe;

    c.    Failing to develop, implement, and/or enforce a reasonable and prudent trucking safety program and procedures which including driver screening, driver training, and driver management.

    d.    Failing to adhere to and abide by federal and state laws and regulations as to the operation of tractor trailers;

    e.    Failing to investigate the driving record of defendant Driver Doe during the course of his employment.

16. Said intentional, willful, unlawful, wanton, reckless, grossly negligent, and/or negligent acts of defendant Marten Transport, LTD was a proximate cause of the above described collision on December 18, 2017 and the injuries sustained by plaintiff and the resulting losses and damages as described hereinafter.

## COUNT III

### GROSS NEGLIGENCE, ETC.
### DRIVER DOE

17. Plaintiff realleges and incorporates by reference the paragraphs of Count I and II above, as if set forth in full hereinafter.

18. Defendant Driver Doe is guilty of intentional, willful, unlawful, wanton, reckless, grossly negligent, and/or negligent acts and/or missions which include but are not necessarily

limited to the following:

    a.    Failing to maintain his/her vehicle within a single lane of travel and moving the same from one lane of travel to the other without first ascertaining that said movement could be made in safety, which action on the part of defendant constituted a violation of Miss. Code Ann. 63-3-603(a).

    b.    Moved the vehicle he/she was operating from a direct course of movement without first seeing that such movement could be made in safety and without signaling his/her intentions to do so as is required by Miss. Code Ann. 63-3-707.

    c.    Failing to give notice of the accident to the local police department in violation of Miss. Code Ann. 63-3-411.

19.    Said intentional, willful, unlawful, wanton, reckless, grossly negligent, and/or negligent acts of defendant Driver Doe was a proximate cause of the above described collision on December 18, 2017 and the injuries and death sustained by plaintiff, and the resulting losses and damages as described hereinafter.

**COUNT IV**

**PUNITIVE DAMAGES**
**DRIVER DOE AND WALMART TRANSPORTATION, LLC**
**D/B/A WALMART DISTRIBUTION CENTER**

20.    Plaintiff realleges and incorporates by reference the paragraphs of Counts I, II and III above, as if set forth in full hereinafter.

21.    The aforesaid actions and omissions of defendants Driver Doe and Marten Transport, LTD, constitutes intentional, willful, unlawful, reckless conduct and wanton disregard for the rights of plaintiff, and other members of the public using the highways and roads of this country and/or constitute such gross negligence and recklessness as to show a total lack of regard

as to the rights of plaintiffs and other members of the public utilizing the highways and roads of this country which entitles plaintiff to recover punitive and exemplary damages against said defendants which they request be awarded against defendants.

## COUNT V

## DAMAGES

22. Plaintiff realleges and incorporates by reference the paragraphs of Counts I, II, III and IV above, as if set forth in full hereinafter.

23. As a direct and proximate results of the above described acts/omissions of defendants, Plaintiff developed and suffered severe, and painful physical maladies and conditions and on account of the same Plaintiff is entitled to recover said damages.

24. As a further direct and proximate result of the above described acts/omissions of defendants, Plaintiff, suffered and experienced excruciating pain, suffering, mental anguish and agony; and on account of the same, Plaintiff is entitled to recover damages.

**WHEREFORE**, Plaintiff brings this action and demand judgment of and from defendants, jointly and severely in the amount of $5,000,000.00 compensatory damages; pre-judgment interest on said amount from December 18, 2017, or such other date as the court finds to be appropriate; a reasonable attorney's fee and punitive damages.

Respectfully submitted this the 16th day of July, 2018.

**DEIDRA AMOS,** PLAINTIFF

BY:   /s/ *Bradford J. Blackmon, Esq.*
BRADFORD J. BLACKMON, MSB #104848

OF COUNSEL:

EDWARD BLACKMON, JR., MSB #3354

MARCUS A. WILLIAMS, MSB #104817  
BLACKMON, BLACKMON, PLLC  
ATTORNEYS-AT-LAW  
907 WEST PEACE STREET  
POST OFFICE DRAWER 105  
CANTON, MISSISSIPPI 39046  
TELEPHONE: (601) 859-1567  
TELECOPIER: (601) 859-2311